Jasen, J.
Defendant, Herrick Manor, Inc. (Herrick) appeals from an order dismissing its cross claim against defendant Long Island Lighting Co. (LILCO) on the ground that Herrick was guilty of “ active ” negligence, and, therefore, not entitled to a recovery over from co-tort-feasor, LILCO.
The controversy between the parties arises out of an accident which occurred during the construction of an apartment building on Clinton Avenue in Mineóla when plaintiff, Willis Kelly, who was employed as a laborer by D’Auria & Eusso & Sons Contracting Co., a subcontractor on the job site, was injured by an electric charge emanating from a high tension wire owned and maintained by LILCO. Seeking recovery for the damages suffered as a result of the accident, Kelly and his wife commenced an action against LILCO and Herrick, the general contractor and owner of the construction site. LILCO, in its answer, cross-claimed against Herrick alleging that if a judgment is recovered against it, LILCO should have judgment over against Herrick. Herrick, in turn, in a cross claim against LILCO, prayed for similar relief if it should be liable to the plaintiffs.
The facts, as established at the trial, are not seriously controverted. On the day of the accident, a crane was operating in the center of the construction site. It was being used to transport concrete from trucks to the various foundation forms on the job site by means of a steel bucket attached to a cable coming down from the crane’s boom. After the concrete pouring had been completed for the day, Kelly[1] was directed by his *28 employer to assist in. the storage of the bucket. He then walked over to an area between the construction site and Clinton Avenue where the bucket was to be lowered to him so.that he could steady and place it in a stationary position. When Kelly touched the bucket, he received an electrical shock. At this time, the boom of the crane was in contact with high tension wires[1], owned and maintained by LILCO along Clinton Avenue, which released the charge inflicting the injuries upon the plaintiff.
LILCO was aware of the construction that was being undertaken on Clinton . Avenue near its high tension wires. It, however, did not take any protective measures with .respect to the wires, such as de-energization, relocation or insulation. Nor did it post danger signs on the construction site, which would warn the workmen that the wires must be avoided because they conveyed high-voltage electrical current. Similarly, the president of Herrick, Joseph Scarpinato, knew of the existence of the wires and of the danger they presented to anyone coming near them. This was the very reason, according to his own testimony, that he visited LILCO, requesting insulation of the wires.[2] Yet, Scarpinato acknowledged that he never warned Kelly or any other worker of the danger. Not only did he fail to warn anyone prior to the accident, but even at the time of the accident, when he saw the boom move from the center of the site toward the wires, he gave no warning to Kelly.
With respect to this, proof, the court charged the jury that in order to hold LILCO liable, it must find that LILCO knew or should have known that a crane might come in close proximity to the wires, and that LILCO failed to warn the plaintiff of the potential danger, or to perform other protective measures to guard against that danger. To find Herrick guilty of negligence, the jury was charged that it must find that a dangerous condition existed on the construction site which condition Herrick had knowledge of, and that Herrick failed to warn plaintiff of that condition.
*29 The jury returned a verdict in favor of the plaintiffs against both defendants. The Trial Judge, in turn, dismissed the cross claims of the defendants on the ground that each party was guilty of ‘ ‘ active ’ ’ negligence, and, therefore, not entitled to a recovery over from the other.
On this ■ appeal, Herrick argues that ‘ ‘ neither the active-passive dichotomy nor the performance of a nondelegable duty is the determining factor ” as to its right over against LILCO, but that the appeal should be decided on the ‘ ‘ factual disparity between the respective conduct of the defendants ”.
Prior to our recent decision in Dole v. Dow Chem. Co. (30 N Y 2d 143), it had been held to be the rule that a defendant found guilty of “ active ” negligence could not recover over against another guilty of “ active ” tort negligence. The rule as stated in Dole now permits apportionment of damages among joint or concurrent tort-feasors regardless of the degree or nature of the concurring fault. We believe the new rule of apportionment to be pragmatically sound, as well as realistically fair. To require a joint tort-feasor who. is, for instance, 10% causally negligent to pay the same amount as a co-tort-feasor who is 90% causally negligent seems inequitable and unjust. The fairer rule, we believe, is to distribute the loss in proportion to the allocable concurring fault.
Applying the rule of relative contribution to the case before us, the order appealed from should be modified.[3] There is no need, however, for a new trial as the jury found both Herrick and LILCO causally negligent, and the defendants stipulated that the cross claims be resolved by the Trial Judge. Bather, Herrick’s cross claim should be adjudicated by the Trial Judge on the basis of the record as it presently stands. (Cf. City of New York [Shorefront High School — Rudnick], 25 N Y 2d 346, remittitur amd. 26 N Y 2d 748; see, also, 29 N Y 2d 868.) On remand, the trial court will fix the relative degrees of negli *30 gence or fault and determine the percentage of fault attributable to each of the defendants. The percentage of liability will, consequently, determine the defendants’ share of the judgment entered in favor of the plaintiffs against both defendants.
It should, of course, be understood that this refinement of the rule of contribution does not apply to or change the plaintiff’s right to recover against any joint tort-feasor in a separate or common action the total amount of his damage suffered and not compensated. We are only concerned here with the right of contribution between two or more joint or concurrent tortfeasors. For, for example, are we concerned with issues involving vicarious liability, to which the active-passive dichotomy classically and appropriately belonged.
The order of the Appellate Division should be modified and the case remanded to the Supreme Court, Kings County, for further proceedings in accordance with this opinion.
Chief Judge Fuld and Judges Bergan, Breitel and Gibson concur with Judge Jasen; Judges Burke and Scileppi dissent and vote to reverse and dismiss the complaint as against defendant Herrick Manor, Inc., upon the ground that no negligence was established as to said defendant.
Order modified, without costs, and case remitted to Supreme Court, Kings County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.

. These wires, which were not insulated, carried 13,200 volts, a voltage which, in the opinion of a LILCO employee, was sufficient to kill or maim.

. When pressed for. details about this visit', Scarpinato was unable to supply any corroborative facts. For instance, he did not know the names of any of the LILCO employees he claimed to have spoken with.

. We, of course, in our review of pending appeals, give effect to the law as it exists at the time of our decision. (People v. Loria, 10 N Y 2d 368; Knapp v. Fasbender, 1 N Y 2d 212, 243; Matter of Tartaglia v. McLaughlin, 297 N. Y. 419; Quaker Oats Co. v. City of New York, 295 N. Y. 527, 536.) And, it is to be noted, having ruled in Dole that the adjudication contemplated by the decision may be sought pursuant to CPLR 1007, we perceive no reason why CPLR 3019 (subd. [b]) may not likewise be employed.