Jack C. Scott, J.
Above small claim was heard on the 20th day of December 1972. Plaintiff appeared pro se and the defendant appeared by James Zyskowski, Esq. The evidence indicates that the plaintiff is the owner of an automobile which was purchased by Ronald James Bialaszewski and that the. car is used exclusively by Mr. Bialaszewski. It would appear that the latter is the equitable owner of the vehicle. Court therefore finds the absentee owner rule does not apply. Bialaszewski will-hereafter be referred to as “ plaintiff ”.
The evidence indicates that both cars were proceeding westerly on East Fourth Street when the plaintiff stopped near St. Mary’s School to parallel park in an empty parking space. He was in the driving lane alongside of a car parked in front of the space ahead of the empty one. The defendant came upon the scene as the plaintiff was about to begin his park. The parties vary in their stories as to whether the defendant came to a stop behind the empty parking space or whether the defendant continued to move. Both cars were going extremely slowly. In any event, plaintiff began to swing the front of his car out to make the parallel park and defendant began to go around him, The left front fender of the plaintiff struck the right front fender of the defendant.
Of course, the law requires that any person parking an automobile does so safely without endangering other persons or vehicles. Since there was a collision the plaintiff, of course, is guilty *720 of some degree of contributory negligence. The defendant when he sees a vehicle about to park is also under obligation to be certain that if he attempts to pass such car he can do so safely. It should be noted that East Fourth Street has one parking lane and one driying lane in each direction and that the defendant per force had to go into the eastbound lane in order to pass the plaintiff. We therefore feel that the defendant is also guilty of negligence.
The undersigned has made considerable study of the rules of law laid down by the Court of Appeals in Dole v. Dow Chem. Co. (30 N Y 2d 143) and Kelly v. Long Is. Light. Co. (31 NY 2d 25). He has also attended seminars in which the principles were discussed at length. In these cases the Court of Appeals has overturned a common law of this State to provide that joint tortfeasor defendants may have their responsibility to the plaintiff apportioned according to their varying degrees of negligence. This court cannot believe that the Court of Appeals will not also provide for apportionment of negligence between plaintiff and defendant when a proper case- reaches it. Any other result would be inequitable. Court therefore holds that contributory negligence doctrine is no longer the law of this State.
In line with this conclusion, the court finds on the evidence that the accident wa$ due one third to the negligence of the plaintiff and two thirds to the negligence of the defendant. The plaintiff’s .repairs cost was $180. Judgment is for $120 and disbursement of $3.18.