Chief Judge Breitel
(dissenting in part). I would modify the judgment rendered against American Cyanamid Co. to limit recovery to 70% of the actual amount paid by Rabineau in the settlement of plaintiffs’ claims, namely 70% of the $215,500 paid by him. An indemnitor is liable only for the amount by which the indemnitee has been damaged (see Schubert v Schubert Wagon Co., 249 NY 253, 257; Satta v City of New York, 272 App Div 782). The tort-feasors other than Cyanamid were not free to bargain away Cyanamid’s liability, with all of the potential for impermissible collusion; but they *910 could later recover on Cyanamid’s liability to the extent, but only to the extent, that they had paid damages as tort-feasors only secondarily liable as compared with Cyanamid.
The result achieved by the Appellate Division and now by the majority of this court confuses comparative apportionment among joint tort-feasors (Kelly v Long Is. Light. Co., 31 NY2d 25, 30) with rules of indemnity between primary and secondary tort-feasors (Rogers v Dorchester Assoc., 32 NY2d 553, 562-566).
Accordingly, I dissent in part and vote to modify the judgment in favor of defendants-respondents against defendant-appellant.