Jasen, J.
(dissenting). On December 20, 1965, a fire at the Yonkers Jewish Community Center claimed the lives of nine children and two adults. An arsonist started the fire which ignited decorative panels of Acrylite and in the resulting conflagration, death and injuries were sustained. Five wrongful death and personal injury actions were instituted on behalf of the injured parties and were consolidated for trial. At trial, the plaintiffs sought to charge four defendants with liability for their injuries.[1] The Yonkers Jewish Community Center and the Federation of Jewish Philanthropies of Yonkers (collectively, the Center) were the owners and operators of the building in which the fire occurred. Éli Rabineau, the third defendant, was the architect who drew plans pursuant to which the Center’s auditorium was altered. According to his plans, decorative screens, consisting of a panel of Acrylite surrounded by a wooden frame, were placed around the perimeter of the auditorium’s balcony. The fourth defendant, American Cyanamid Co., was the manufacturer of Acrylite, an acrylic plastic.
The plaintiffs alleged that the Center had negligently operated and maintained the building and that Rabineau had been negligent in his design of the auditorium alterations. Negligence and breach of warranty causes of action were asserted against American Cyanamid. The theory of these claims was that American Cyanamid knew that Acrylite was highly flammable and, if ignited, would emit toxic gases, but failed to give sufficient warnings of these hazards. The Center and the *911 Federation asserted a cross claim against American Cyan-amid.
The trial of these actions was trifurcated. The first issue tried was that of liability; the second phase concerned the apportionment of fault; and the third with the propriety of a settlement entered into by the plaintiffs and defendants Rabineau and the Center. At the close of the liability phase of the trial, the court granted a motion to dismiss, on the merits, the negligence cause of actions against American Cyanamid for "utter failure of proof.” The jury found for American Cyan-amid on the breach of warranty claim. At the same time, Rabineau and the Center were found to be liable in negligence.
After liability had been determined, the plaintiffs settled their claims against the negligent defendants and their respective insurance carriers for $915,000. On the second phase of the trial, the Center was found to be liable for 30% of the damage, and Rabineau for 70%. Despite its objection, American Cyanamid was kept in the second phase, and the jury found that it was responsible for 60% of the Center’s obligation and for 70% of Rabineau’s. The third phase of the trial resulted in a finding that the settlement between the plaintiffs and the three defendants was, with three relatively minor exceptions, reasonable. A judgment of $597,975 was entered in favor of the Center and Federation against American Cyan-amid. This judgment was affirmed by the Appellate Division.
I would reverse the order of the Appellate Division. American Cyanamid was exonerated of all liability to the plaintiffs on the first phase of the trial. Since the other defendants had fully participated in the liability phase, there was no predicate upon which to base a contribution claim against American Cyanamid. Accordingly, the judgment entered against American Cyanamid should be vacated.
In Dole v Dow Chem. Co. (30 NY2d 143, 148-149), we held that "where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party.” The Dole rule simply "permits apportionment of damages among joint or concurrent tort-feasors regardless of the degree or nature of the concurring fault.” (Kelly v Long Is. Light. Co., 31 NY2d 25, 29.) The Dole rule has since been codified by statute. CPLR 1401 creates a contribution claim where "two or more persons *912 * * * are subject to liability for damages for the same personal injury”.[2] American Cyanamid, having been exonerated by the court and jury from any liability to the plaintiffs, was not subject to liability for the same damages that the other defendants were accountable for. By the very terms of the statute, there could be no contribution claim against American Cyanamid. Moreover, Dole itself does not apply unless "a third party is found to have been responsible for a part * * * of the negligence” (Dole v Dow Chem. Co., 30 NY2d 143, 148-149, supra). American Cyanamid was not responsible to any degree for the damage sustained by the plaintiffs.
A Dole claim may, of course, be asserted either by a cross claim, counterclaim, an impleader, or by a separate action. (CPLR 1403; Dole v Dow Chem. Co., supra, p 149.) Yet the fact that the prime defendants might have sued the third-party defendant in a separate action does not entitle them to a second bite at the apple when they assert their claim unsuccessfully in the main action. In this case, the Center had a full and fair opportunity to assert its claims against American Cyanamid in the first phase of the trial. (Cf. Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71.) They should not have been given a second chance in the second phase of the trial.
The Center argues that the exoneration of American Cyan-amid should not be binding on it because certain evidence bearing on the issue of American Cyanamid’s negligence was excluded by the court from the first phase qf the trial. Assuming this to be true, the Center’s appropriate remedy was to take an objection to the court’s ruling excluding such evidence and thereafter appeal the judgment in favor of American Cyanamid. (CPLR 4017, 5501.) Since the Center failed to object to the procedure followed by the court, it did not adequately preserve its claim of error.
The trial court endeavored to place before the jury all issues of liability against all of the defendants at one time, reserving the apportionment issues between the defendants for the second phase. Needless to say, there can be no apportionment of damages until liability has been established. The Center *913 had a full opportunity to establish liability on the first phase. It was error to give it a second chance later on.
The order appealed from should be reversed and the judgment entered against American Cyanamid should be vacated.
Judges Gabrielli, Jones, Wachtler and Cooke concur; Chief Judge Breitel dissents in part and votes to modify in an opinion; Judge Jasen dissents and votes to reverse in a separate opinion; Judge Fuchsberg taking no part.
Order affirmed, without costs, in a memorandum.

. Although there were other named defendants, including the City of Yonkers, the causes of action against them had either been discontinued or were dismissed by the court.

. The statute specifically avoids the use of the term "joint tort-feasor”. However, the intent was to expand the application of the Dole contribution claim to those concurrently, alternatively or independently liable (Report of Judicial Conference to Legislature, 1974 McKinney’s Session Laws, p 1805) and not to abrogate the traditional rules which require liability before an apportionment can be made.