CHARLES GRABICKI, Plaintiff, v PENN YORK CONSTRUCTION CORP., as Successor to Foster-Lipkin Corp., et al., Defendants.

BETHLEHEM STEEL CORP., Third-Pary Plaintiff-Respondent; SURVEY ASSOCIATES, INC., Third-Party Defendant-Appellant.

Third Department, December 30, 1976

*Hesson, Ford, Sherwood & Whalen (Dale M. Thuillez* of counsel), third-party defendant-appellant.

*Barry A. Gold* and *Morris J. Bloomberg* for third-party plaintiff-respondent.

SWEENEY, J. This action arises from an accident which occurred on or about August 22, 1968 when plaintiff, an employee of the third-party defendant fell in the course of employment and sustained certain injuries. An action was brought against the general contractor and two subcontractors based in negligence and violation of the Labor Law. In June of 1974 defendant Bethlehem Steel, one of the subcontractors, commenced a third-party action against Survey Associates, Inc., plaintiff's employer, for apportionment of damages pursu-

ant to the doctrine enunciated in *Dole v Dow Chem. Co.* (30 NY2d 143).

The third-party defendant moved to dismiss the complaint for failure to state sufficient facts to constitute a cause of action and on the further grounds that the Statute of Limitations had run prior to the commencement of the third-party action and that the rights of the third-party defendant were vested prior to the time the third-party plaintiff was entitled to implead it.

Special Term concluded that the third-party complaint stated a cause of action and also concluded that the third-party defendant waived the other grounds urged for failure to plead them as affirmative defenses and, consequently, denied the motion. This appeal ensued.

We agree with Special Term that the Statute of Limitations is an affirmative defense (CPLR 3018) and not having pleaded it in the answer or raised it by motion prior to the time limitation, the third-party defendant waived it (CPLR 3211, subd [e]).

As to the remaining issues, the third-party defendant, in substance, contends that since no cause of action for contribution was pending against it when *Dole* was decided on March 22, 1972, the complaint fails to state a cause of action. Implicit in this argument is the contention that *Dole,* under the instant circumstances, may not be retroactively applied.

The critical and dispositive question for our determination is whether *Dole* can be retroactively applied to the present factual situation. We believe it can. The record reveals that on August 12, 1971 an action was commenced against defendant and the complaint served on March 17, 1972. While the third-party defendant was not made a party defendant in that action and the Statute of Limitations, on plaintiff's cause of action therein, had run against it, the Statute of Limitations had not run on any action defendant might have against the third-party defendant for indemnification or contribution (Practice Commentaries by Joseph M. McLaughlin, McKinney's Cons Laws of NY, Book 7B, CPLR 1401, pp 360-363). Thereafter *Dole* was decided and changed the existing law by permitting an action by one tort-feasor against another for contribution. It has since been determined that *Dole* is to be retroactively applied to all lawsuits pending at the time of the *Dole* decision *(Kelly v Long Is. Light Co.,* 31 NY2d 25). Since defendant's cause of action against the third-party defendant

emanates from the main cause of action against it, there was, in our view, a pending lawsuit as contemplated by the *Kelly* decision. Consequently, the third-party complaint does state a cause of action and is not barred by a vesting of rights prior to a commencement of the third-party action. We have examined the other issues urged by the third-party defendant for reversal and find them unpersuasive.

The order should be affirmed, with costs.

KOREMAN, P. J., MAHONEY, MAIN and HERLIHY, JJ., concur.

Order affirmed, with costs.