Cooke, J.
We consider here yet another issue arising from the apportionment of liability permitted under Dole v Dow Chem. Co. (30 NY2d 143). The issue has presently arisen in two multiple-party cases, the relevant facts of which are recited below.

Klinger v Dudley

Plaintiff Lora H. Klinger brought an action for the wrongful death of her husband Richard B. Klinger who died as a result of injuries sustained in an automobile accident which occurred on October 29, 1966. Plaintiff sued: (1) Wayne Cookson, the driver, and Elmo Cookson,[1] the alleged owner, of one of the vehicles involved in the accident; (2) Jerry and Julius Dudley, the driver and owner of another vehicle involved; and (3) Frank Leone, the owner-driver of yet another vehicle involved in the accident. Thereafter, defendant Leone (1) cross-claimed against defendants Dudley and Cookson, (2) impleaded, as third-party defendants, Steven Frank Smith and Charlotte *365 Smith, and (3) impleaded, as third-party defendants, Donald and Francis Hammond.
Prior to trial, the Appellate Division, Fourth Department [40 AD2d 1078], considering a preclusion order, granted a motion for summary judgment dismissing plaintiffs complaint against defendants Dudley, who nevertheless remained in the action as third-party defendants pursuant to defendant Leone’s cross claim against them. The jury returned a verdict of no cause of action in favor of defendants Cookson, who were also third-party defendants, and likewise in favor of third-party defendants Hammond. With respect to the remaining parties, defendant Leone, third-party defendants Dudley, who, as noted, succeeded earlier in having plaintiffs complaint against them dismissed, and third-party defendants Smith, who were never sued by plaintiff, the jury returned a verdict of $300,000 and apportioned liability among them in the following proportions: Leone, 65%; Dudleys, 25%; and Smiths, 10%.
Thereafter the insurance carrier of defendant Leone paid the $10,000 limit of its policy. Leone apparently has no reachable assets. Plaintiff then sought to recover against third-party defendants Dudley and Smith. In this regard, plaintiff filed two judgments, both of which were subsequently vacated, the first of which, in addition to seeking recovery against defendant Leone, also included decretal paragraphs ordering the assignment to plaintiff of defendant Leone’s judgments as third-party plaintiff against third-party defendants Dudley and Smith, and the second of which adjudged that plaintiff recover, not only against defendant Leone, but also against third-party defendants Dudley and Smith.
After the vacating of each of these judgments, a third was entered which provided, inter alia, that plaintiff recover of defendant Leone the full $300,000 verdict plus interest, and that Leone as third-party plaintiff recover of third-party defendants Dudley and Smith the sums representing their percentage of liability as found by the jury. Upon appeal, the Appellate Division, Fourth Department, unanimously modified, on the law, ordering that this third judgment be modified to provide that payment by the third-party defendants Dudley and Smith is conditioned upon defendant Leone paying "the full amount of the judgment rendered against him”, and, as modified, the judgment was affirmed. Thus, plaintiff finds herself in a situation where defendant Leone has paid only *366 $10,000 of a $300,000 (plus interest) judgment against him and is apparently without other assets, and where defendant Leone as third-party plaintiff is precluded, until he makes further payments, from recovering any amounts from third-party defendants Dudley and Smith, which amounts would be available to satisfy plaintiff’s judgment against defendant Leone,

Valentino v Thompson

Plaintiffs Joseph Valentino and Joseph Kaban were passengers in a motor vehicle owned by their employer, Manhattan Boiler & Equipment Corporation (hereinafter referred to as Manhattan Boiler), which vehicle was in an accident with another vehicle while being operated by their coemployee, Andre Nosaniuk, who died as a result of the accident. The other vehicle was owned by John H. Thompson and operated by Ralph Mazza, the latter dying as a result of the accident. Plaintiffs Valentino and Kaban, and their respective spouses, each brought actions against the owner, John H. Thompson, and the administrator of the estate of Ralph Mazza, the operator of the vehicle which collided with that in which plaintiffs were passengers. Since, however, plaintiffs’ injuries arose out of and in the course of their employment, workmen’s compensation constituted plaintiffs’ exclusive remedy against their employer, Manhattan Boiler (see Workmen’s Compensation Law, § 11), and against their coemployee, Andre Nosaniuk, or his estate (see Workmen’s Compensation Law, § 29, subd 6). Defendants Thompson and the representative of Mazza’s estate, however, impleaded plaintiffs’ employer and the representative of the coemployee’s estate as third-party defendants.
After trial, the jury returned verdicts in favor of each of the plaintiffs and their spouses, verdicts totaling $632,500, and apportioned liability as follows: 75% against defendants Thompson and the administrator of Mazza’s estate and 25% against third-party defendants Manhattan Boiler and the administratrix of Nosaniuk’s estate. A judgment was then entered in favor of each plaintiff against defendants Thompson and the administrator of the Mazza estate in the full dollar amount of the jury verdict as to damages, and in favor of said defendants as third-party plaintiffs against third-party defendants Manhattan Boiler and the administratrix of the Nosaniuk estate in a dollar amount computed in accordance *367 with the jury’s apportionment of liability. The Trial Justice, however, resettled the judgment, upon motion of the third-party defendants, to provide that the defendants shall be entitled to judgment against the third-party defendants upon payment by said defendants to the plaintiffs of more than their proportionate share of the judgment. Plaintiffs Kaban appealed[2] and the Appellate Division, Second. Department, affirmed and granted leave to appeal to this court.
Similar to the situation of the plaintiffs in the Klinger v Dudley actions (discussed, supra), plaintiffs have recovered $10,000 in insurance proceeds from coverage protecting each of the defendants Thompson and the Mazza estate, for a total of $20,000, and both defendants apparently have no reachable assets. Moreover, plaintiffs are effectively precluded from recovering anything further since such defendants have not paid more than their proportionate share of the judgment, and hence, in accordance with the resettled judgment, such defendants may not recover against the third-party defendants.
Discussion
We agree in principle with the holdings of the Appellate Divisions of the Fourth and Second Departments in each of the instant matters, but make certain somewhat technical modifications of the orders and judgments, as detailed hereinafter.
Although Dole v Dow Chem. Co. (30 NY2d 143, supra) created new rights for defendants, its effect on plaintiffs is indirect and incidental (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C3019:34, p 236). Indeed, Kelly v Long Is. Light. Co. (31 NY2d 25) made clear that Dole did not "change the plaintiffs right to recover against any joint tort-feasor in a separate or common action the total amount of his damage suffered and not compensated” (p 30). The same is true where the plaintiff seeks an enlargement of his rights because of a Dole apportionment. The reason, as suggested in Kelly, that a plaintiffs rights are not affected by Dole is that generally a plaintiff is free to sue, and after favorable judgment collect against, any or all tortfeasors as he sees fit. Moreover, if a plaintiff has not elected to sue a particular tort-feasor, and that tort-feasor is subse *368 quently impleaded as a third-party defendant by a tort-feasor plaintiff has elected to sue, the plaintiff may ordinarily amend his complaint to assert a claim he, plaintiff, has against such third-party defendant (CPLR 1009).
In certain instances, however, a plaintiff is unable or simply fails to sue a particular tort-feasor. For example, in the Valentino v Thompson actions (discussed, supra) plaintiffs were prevented by the Workmen’s Compensation Law from maintaining an action against their employer (see Workmen’s Compensation Law, § 11) or the estate representative of their coemployee (see Workmen’s Compensation Law, § 29, subd 6). On the other hand, in the Klinger v Dudley actions (also discussed, supra), plaintiff’s complaint against defendants Dudley was dismissed and plaintiff never sued third-party defendants Smith.
In any of these instances, the third-party defendant may be found culpable under a Dole apportionment by the jury even though the plaintiff has not sued such third-party defendant. This situation creates no problem where the tort-feasors sued by the plaintiff (hereinafter sometimes referred to as the "main defendants”) pay an amount to plaintiff in excess of their Dole share; in that instance plaintiff is generally unaffected, although the main defendants, as third-party plaintiffs, may recover against the third-party defendants. The problem arises, however, where the main defendants are unable to pay their Dole share—the situation confronting us in the instant matters.
Plaintiff Klinger argues that these third-party defendants should not be permitted to escape liability because of the limited resources of defendant Leone. The fact remains, however, that, as this case has developed, these third-party defendants are not liable to plaintiff Klinger. Third-party defendants Dudley succeeded in having plaintiff’s complaint against them dismissed and hence plaintiff no longer has a cause of action against them (cf. Slater v American Min. Spirits Co., 33 NY2d 443). Similarly, since plaintiff Klinger for whatever reason never sued the Smiths, plaintiff has lost her opportunity to make a claim against them.
That the jury apportioned liability among defendant Leone and third-party defendants Dudley and Smith does not enlarge plaintiff’s claim. The jury merely determined fault and not the plaintiff’s rights. Plaintiff’s rights against the third-party defendants had already been lost prior to trial, and the jury *369 verdict cannot serve to resurrect any rights that have been lost. Nevertheless, plaintiff Klinger seeks to recover indirectly from third-party defendants Dudley and Smith; that was the purpose of the judgment before us on appeal, which judgment provided, prior to modification by the Appellate Division, that defendant Leone as third-party plaintiff recover a dollar amount from the third-party defendants, which amount would be available to plaintiff.
In this regard, it is contended that plaintiff Klinger should, by assignment from defendant Leone, have a right to the dollar amount of the percentage of the jury verdict apportioned to the third-party defendants even though defendant Leone has not paid to plaintiff an amount in excess of his proportionate share of the judgment. We disagree. Although a main defendant may assert his claim for contribution prior to the payment of any amount to the plaintiff (McCabe v Queensboro Farm Prods., 22 NY2d 204, 208; see CPLR 1403, L 1974, ch 742, eff Sept. 1, 1974), this claim does not entitle a main defendant to contribution until payment by such defendant to plaintiff of an amount in excess of his proportionate share of the judgment (see and compare CPLR 1402, L 1974, ch 742, § 1, eff Sept. 1, 1974, with former CPLR 1401 [prior to Dole], as amd by L 1964, ch 388, § 5; see, also, 2A Weinstein-KornMiller, par 1402.01, pp 14-71, 14-72, relying on Adams v Lindsay, 77 Misc 2d 824; cf. Musco v Conte, 22 AD2d 121, 125-126), unless such defendant’s payment to plaintiff, though not in excess of his proportionate share, is in full satisfaction of the judgment (see Rock v Reed-Prentice Div. of Package Mach. Co., 39 NY2d 34, discussed, infra).
Plaintiffs Kaban in the Valentino v Thompson actions present a somewhat different picture because, unlike plaintiff Klinger who lost whatever rights she had against the third-party defendants, a tort action by these plaintiffs against the third-party defendants was barred because of the Workmen’s Compensation Law. As with plaintiff Klinger, it is urged by these plaintiffs that it is violative of the purpose and spirit of the Dole decision to allow third-party defendants to evade their proportionate liability simply because the main defendants cannot satisfy their proportionate share of liability to the plaintiffs.
As does plaintiff Klinger, these plaintiffs seek to use the main defendants’ status as third-party plaintiffs as a means to recover indirectly from the third-party defendants—something *370 plaintiffs cannot accomplish directly. In this respect, plaintiffs urge that the Dole concept of apportioned liability should be implemented on the basis of "indemnification” against liability rather than "indemnification” against loss by the main defendants.
Plaintiffs Kaban further contend that the "indemnity against loss theory” is really an anomaly in a Dole situation since the third-party defendant’s wrong is "actually” to the plaintiff and not to the main defendant. In support of this contention, plaintiffs quote from Kelly v Diesel Constr. Div. of Carl A. Morse, Inc. (35 NY2d 1, 7) wherein it was stated: "In classic and correct terminology, the one who should pay ultimately for his actual fault is primarily liable. The one who must pay because of first instance liability to third parties but who ought to be able to recover from one guilty of actual fault, is secondarily liable”.
This contention must be rejected. Kelly v Diesel Constr. Div. of Carl A. Morse, Inc. (supra) permitted a general contractor made liable in tort to the plaintiff by statute to recover from one who was found solely liable for the accident. The quoted portion of the decision there related to the fact that while formerly active tort-feasors (such as defendants Thompson and Mazza or the representative of his estate) would have been unable to implead other tort-feasors (such as plaintiffs’ employer and coemployee), Dole had changed that result. Thus, contrary to the assertion made, the case manifests that the wrong that Dole remedied was one to tort-feasors, and not to plaintiffs.
That the workings of fate result in plaintiffs Kaban being limited to a recovery under workmen’s compensation and a relatively small amount of insurance proceeds from main defendants Thompson and the administrator of Mazza’s estate should not be a basis for allowing an indirect recovery by plaintiffs against the employer and coemployee in this case. The same may be said regarding the contention of plaintiff Klinger who unfortunately recovered an even smaller amount of insurance proceeds from defendant Leone. To permit a further recovery to these plaintiffs by means of allowing the respective main defendants to recover from third-party defendants amounts such main defendants had not yet paid would be, in effect, the casting aside of established principles codified in the pleading statutes (see CPLR 1402, L 1974, ch 742, § 1, eff Sept. 1, 1974, and former CPLR 1401, as amd by L *371 1964, ch 388, § 5). To some, this result may seem unfair, but in fact it is in keeping with the events as they have unfolded. Plaintiffs Kaban were entitled to recovery against the employer and the estate of their coemployee under workmen’s compensation, and plaintiff Klinger lost or waived whatever rights she had against third-party defendants Dudley and Smith. That these plaintiffs were unable to recover the large verdicts against the respective main defendants results from the particular financial circumstances of those defendants, with the law playing only an incidental part.
For the foregoing reasons, we agree that these' main defendants may not recover against a third-party defendant until such main defendants have paid the respective plaintiffs an amount in excess of their Dole share of the judgments. Our conclusion is not altered by our holding in Rock v Reed-Prentice Div. of Package Mach. Co. (39 NY2d 34, supra) because there, although the defendant seeking contribution had paid less than its Dole share, such payment was in full satisfaction of the judgment. In this respect, even if the payments by the main defendants in the instant matters were in full satisfaction of the judgments, the holding in Rock (supra, at pp 41-42) would only entitle these main defendants to recover from the third-party defendants a percentage of the amount actually paid by such main defendants, which percentage amount in both of the instant matters is relatively small when compared to the respective jury verdicts.
In conclusion, as noted earlier, certain modifications of the orders and judgment appealed from are necessary. The Appellate Division, Fourth Department, in its order and judgment conditioned payment to defendant Leone solely on his payment of "the full amount of the judgment rendered against him”. There should be modification to provide that any recovery by defendant Leone is conditioned upon payment by him to plaintiff of more than his proportionate share of the judgment. In addition, to reflect the holding in Rock (supra), the order of the Second Department, as well as the order and judgment of the Fourth Department, should be modified to provide that recovery by the main defendants against the third-party defendants may also be permitted upon payment by such main defendants of an amount in full satisfaction of the judgment.
Accordingly, in Klinger v Dudley, the order and judgment of the Appellate Division, Fourth Department, should be modi *372 fied so as to provide that the second and third ordering paragraphs of the judgment of Supreme Court, Chautauqua County, be modified to provide that payment to defendant by the third-party defendants is conditioned upon payment by defendant to plaintiff of more than his proportionate share of the judgment, or an amount in full satisfaction of the judgment, and, except as so modified, said order and judgment of the Appellate Division, Fourth Department, are affirmed, without costs. In Valentino v Thompson, the order of the Appellate Division, Second Department, should be modified so as to provide that the third and seventh adjudging paragraphs of the amended judgment of the Supreme Court, Queens County, be modified to provide that the third-party plaintiffs, or either of them, shall also be entitled to payments by the third-party defendants upon payment by said third-party plaintiffs, or either of them, to plaintiffs of an amount in full satisfaction of the judgment and, except as so modified, said order is affirmed, without costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Fuchsberg taking no part.
In each case: Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.

. Subsequently, Mrs. Elmo Cookson was substituted by stipulation in place of Elmo Cookson and, upon the death of Wayne Cookson, the administrator of his estate was substituted as a party defendant.

. The causes of action asserted by plaintiffs Valentino were settled and their appeal to the Appellate Division was withdrawn.