■ ALLEN MOSHER, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64377.) — Judgment unanimously affirmed, with costs. Memorandum:

Plaintiff sustained injuries when the motorcycle on which he was riding was struck by a vehicle driven by an intoxicated motorist. Plaintiff sued the State of New York, claiming that inadequate signing and markings on the highway contributed to the accident. The court determined that plaintiff was damaged in the amount of $405,769.14 and initially assessed fault against the State at 25% and against the motorist at 75%. The court directed that judgment be entered against the State in the sum of $101,442.29. The court later amended its decision and granted judgment against the State for the full amount of the damages. The State appeals this judgment and relying on *Kelly v Long Is. Light. Co.* (31 NY2d 25), urges us to abolish the long-standing rule of joint and several liability. We decline to do so. ¶ The State's reliance on *Kelly* is misplaced. There the court specifically stated (p 30) "It should, of course, be understood that this refinement of the rule of contribution does not apply to or change the plaintiff's right to recover against any joint tort-feasor in a separate or common action the total amount of his damage suffered and not compensated". In response to the holding in *Kelly,* the State Legislature codified this rule in CPLR 1404 (subd [a]) (L 1974, ch 742, § 1), and the Court of Appeals has recently indicated that the doctrine should be retained (see *Hecht v City of New York,* 60 NY2d 57, 62). Any change in this principle should emanate from legislative action not judicial fiat. (Appeal from judgment of Court of Claims, Quigley, J. — negligence.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.