Arthur C. Aulisi, J.
This is a motion by third-party defendant, Marjorie Ortell, made prior to the commencement of the *813 trial in the above-entitled action and upon which decision had been reserved, to dismiss the third-party complaint upon the ground that the cause of action may not be maintained because of a release.
The main action was 'brought by plaintiff to recover damages for personal injuries sustained in an automobile accident which occurred on the 13th day of June, 1971. Plaintiff was a passenger in an automobile operated by defendant and third-party plaintiff, Cynthia J. Hale, which collided with another vehicle operated by third-party defendant Ortell.
On November 17, 1971, prior to the decision of the Court of Appeals in Dole v. Dow Chem. Co. (30 N Y 2d 143 [decided on March 22,1972]), Cynthia J. Hale settled her claim for personal injuries against Marjorie Ortell, the operator of the other vehicle, and executed and delivered a release to Ortell for the sum of $8,600. The release was prepared on a printed form, labeled a “ General Release ” and included an additional typewritten paragraph which specified that the release was “ particularly from any and all claims for personal injury sustained by me ” and otherwise referred to the details of the accident. This release was later set forth in the first affirmative defense of the third-party defendant Ortell’s answer to the third-party complaint and is the basis of the present motion.
Sometime later, on September 18, 1972, after the decision in Dole, the plaintiff entered into a settlement with Marjorie Ortell for the sum of $10,000.
It thus appears that before the commencement of this action the operator of one of the two vehicles involved in the accident had settled the claims of both the operator and passenger in the other vehicle.
Following the trial of the main action, the jury returned a verdict for the plaintiff in the sum of $15,000 and its special verdict fixed the responsibility for the accident as follows: 75% against Marjorie Ortell and 25% against Cynthia J. Hale. Defendant Hale paid the plaintiff the $5,000 difference between the amount of the verdict and the amount previously paid to the plaintiff by Ortell (CPLR 4533-b) and now seeks a judgment against Ortell for $1,250 under the Dole rule. If the third-party defendant Ortell is successful on this motion, the defendant third-party plaintiff would not be entitled to recover the $1,250 she now claims.
The question presented, therefore, concerns the rights and obligations of the drivers of the two automobiles, inter se, with respect to the cause of action of plaintiff, a passenger in one *814 of those vehicles, arising out of the accident of June 13, 1971.
Prior to Bole, in situations such as this, a tort-feasor could buy his peace by settling for a stipulated sum, obtain a release, and be assured that he would not be subject to further claims by way of contribution. The same result would follow if one of two or more active joint tort-feasors was not made a party defendant by a plaintiff and the plaintiff recovered a judgment against the other tort-feasors. As to such a judgment, no contribution could be obtained from the tort-feasor who was not made a party defendant. (See former CPLB 1401.) In this case, under pre-Dole law, the defendant Hale would not have had a third-party action against Marjorie Ortell and would have had to bear the entire burden of the $5,000 judgment recovered by plaintiff. All of this was changed, however, by the decision in Dole v. Dow Chem. Co. (supra), which held that damages should be apportioned among the culpable parties according to the degree of their respective responsibilities in causing plaintiff’s injuries. The new rule was to be applied retrospectively to cases still in the judicial process. (Kelly v. Long Is. Light. Co., 31 N Y 2d 25.) The purpose of Dole was not to alter the duties owed by a defendant to a plaintiff. Bather, it was intended to impose a rule of apportionment among wrongdoers who contributed to the harm, although in different degrees, and thus to modify the scope of a defendant’s ultimate!liability for damages. (Rogers v. Dorchester Assoc. 32 N Y 2d 553.) To disallow the claim of the defendant third-party plaintiff in this situation would be to defeat the very purpose of the Dole rule and to allow, as if Dole bad never been decided, a disproportionate shifting of liability to the defendant third-party plaintiff regardless of her actual degree of blame.
The third-party defendant urges, however, that the release given to her by defendant third-party plaintiff on November 17, 1971, was effective to bar any future liability on her part to the third-party plaintiff for an apportionment of damages under the Dole rule, relying upon the decision in Vassar v. Jackson (72 Misc 2d 652, affd. without opn. 42 A D 2d 693). With this view, the court cannot agree. As stated in Cahill v. Regan (5 N Y 2d 292, 299): “ although the effect of a general release, in the absence of fraud or mutual mistake, cannot be limited or curtailed (see Lucio v. Curran, 2 N Y 2d 157, 161; Kirchner v. New Home Sewing Mach. Co., 135 N. Y. 182, 188), its meaning and coverage necessarily depend, as in the case of contracts generally, upon the controversy being settled and upon the purpose for which the release was actually given. Certainly, a release *815 may not be read to cover matters which the parties did not desire or intend to dispose of.” Even though the general rule is often invoked, there are many cases in which the release has been avoided with respect to uncontemplated transactions despite the generality of the language in the release form. (See Mangini v. McClurg, 24 N Y 2d 556, 562, for citation of cases.)
It is significant that in both cases cited in the above quotation from the opinion in Cahill v. Regan (supra), the causes of action sought to be barred were actually in existence at the time the releases were (given. More than that, however, it further appears from a reading of the cited cases that neither involved a release which contained specific recitals of limitation, although the release in Kirchner v. New Home Sewing Mach. Co. (135 N. Y. 182, 187) did contain an additional “ particular” clause which the court said was “ not properly a part of the release ” and was “ more in the nature of a covenant ”.
Neither of these distinguishing features are present in the case before this court. The release given by Hale to Ortell did not pretend to cover all causes of action and was limited 'to' the cause of action for “ personal injury sustained by me ”. No mention was made of property damage, although Cynthia J. Hale was the owner of one of the vehicles in the accident. Moreover, it was (given prior to the decision in Dole v. Dow Chem. Co. (30 N Y 2d 143, supra). Thus, even if we disregard the specific recital of limitation in the release in question and treat it as a general release, the words of general release could only be operative as to “ issues which might then have been adjudicated as a result of pre-existent controversies ”. (Lucio v. Curran, 2 N Y 2d 157, 162, supra [emphasis by court in the opinion].) Whatever may have been the legal consequences of the release at the time it was given (November 17, 1971), the fact remains that when the decision in Dole was handed down the cause of action of the passenger in the accident had not been resolved in any way against either of the two drivers. As to such cause of action, the decision in Dole announced a new doctrine of apportionment of damages based upon a “ separable legal entity of rights ” stemming from an independent duty or obligation owed by one tort-feasor to another. (Dole v. Dow Chem. Co., supra, p. 152.) It did not give to one of two joint tort-feasors the right to impose the terms of his post-DoZe settlement upon the other tort-feasor, as the third-party defendant is attempting to do by the present motion.
It is noted that the relief sought by the third-party defendant, if granted, would place her in the same position she would have *816 been in if the present section 15-108 of the General Obligations Law had been in effect at the time she obtained the release from the plaintiff passenger, subject to the good faith requirements of that section. However, the controlling portions of the cited statute only became effective on ¡September 1,1974 (L. 1974, ch. 742) and have no application here.
Accordingly, the motion of the third-party defendant to dismiss the third-party complaint is denied in all respects and the third-party plaintiff is entitled to a judgment against the third-party defendant in the sum of $1,250.