Marshall E. Livingston, J.
This is a motion for summary judgment by defendant Thygiesen against defendant Dibble in a familiar setting since Dole v Dow Chem. Co. (30 NY2d 143) and other kindred cases out of which arose the enactment, effective September 1, 1974, of section 15-108 of the General Obligations Law and CPLR article 14.
The facts are simple. Infant plaintiff was a passenger in the Thygiesen car at the time it was in an accident with Dibble. She sued both defendants. Thereafter, in June, 1973, Thygiesen, through his carrier, offered full policy limits of $10,000 *787 to settle with plaintiffs. The release by plaintiffs reserved their rights against Dibble. The offer, presumably made in good faith, was accepted.
At that time section 15-108 of the General Obligations Law provided, in substance, that a release or covenant given by the plaintiff to a defendant only reduced the plaintiff’s claim against all defendants to the extent of the amount of the payment, and the right of contribution as between the defendants still remained. This, of course, was after Dole v Dow (supra) was decided on March 22, 1972.
An article by John A. Monteleone and Norman H. Dachs, entitled "'Dole’ Settlements and the Jury” (NYLJ, May 20, 1975, p 1, 5, cols 2, 3) states:
"Dole and its recent codifications have changed the common law rules relating to contribution. Dole was more than a mere alteration — it was a new suit of clothes. Article 14 is a slight alteration but the nature of the alteration is contained not in article 14 but in General Obligations Law 15-108. Dole and article 14 expand the bases for contribution and provide for contribution by equitable shares in accordance with the relative culpability of each person liable for contribution [CPLR 1402]. But this is where all persons who may be liable, either as a defendant or third-party defendant, are before the court —none .of them having been released from liability by the plaintiff.
"Effective Sept. 1, 1972,. Section 15-108 of the General Obligations Law provided that a settlement, whether by release or covenant not to sue, reduced the claim of the injured person against other tortfeasors to the extent of the amount stipulated in the document or the consideration paid, whichever is greater. These changes, however, did not affect the right of a non-settling tortfeasor to implead and recover from the settling tortfeasor nor the right of the settling tortfeasor to seek contribution from the non-settling tortfeasor. This was quickly changed when Section 15-108 of the General Obligations Law was again amended effective Sept. 1, 1974, to eliminate all rights of contribution between settling and non-settling tortfeasors.” (Footnotes omitted and emphasis supplied.)
Thus, here we are squarely faced with the question as to the status of defendant Dibble’s cross claim against defendant Thygiesen (CPLR 3018, subd [b]). Is the present section 15-108 of the General Obligations Law, as amended and effective *788 September 1, 1974, as well as CPLR article 14, as enacted and effective September 1, 1974, applicable to the situation here?
In the case at bar the release and covenant not to sue was given in June, 1973, some 14 months prior to the amendment of section 15-108 of the General Obligations Law which states:
"(a) Effect of release of or covenant not to sue tortfeasors. When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor’s equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.
"(b) Release of tortfeasor. A release given in good faith by the injured person to one tortfeasor as provided in subdivision (a) relieves him from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules.
"(c) Waiver of contribution. A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.”
In short, do these sections, effective September 1, 1974, apply prospectively to an action which has not been tried or decided?
I hold the sections were amended and passed as remedial statutes and as a direct result of Dole v Dow Chem Co. (30 NY2d 143, supra) (see McKinney’s Cons Laws of NY, Book 1, Statutes, §54). The old rules relating to contribution now wear "a new suit of clothes” (NYLJ, May 20, 1975, p 5, col 2).
Dole v Dow (supra) was held to be remedial and applicable prospectively to any decision rendered after March 22, 1972 (see Kelly v Long Is. Light. Co., 31 NY2d 25, 29, n 3). Thus I believe the above interpretation, codifications or implementations of Dole v Dow (supra) should also be prospectively applied to any decisions rendered after September 1, 1974. This conclusion finds substantial prior Court of Appeals sup *789 port (see M. E. Occhialino, Contribution, Nineteenth Annual Report of NY Judicial Conference, 1974, pp 217, 247 et seq.).
By way of comparison it is also noted that no where in section 15-108 of the General Obligations Law or CPLR article 14 do these sections proscribe their applicability to causes of actions accruing on and after September 1, 1974, as was done in the new CPLR article 14-A (CPLR 1413) relating to comparative negligence (L 1975, ch 69).
The motion for summary judgment is, therefore, granted to defendant Thygiesen.
I also note the defendant Dibble’s amended answer urges the payment of $10,000 to plaintiff as an affirmative defense and in full payment for the plaintiffs’ claim. This defense is also stricken. The release clearly reserves all plaintiffs’ claims against Donald G. Dibble.
Defendant Dibble, however, is granted leave to replead, setting up the payment to plaintiffs of the sum of $10,000 as an affirmative defense, pursuant to CPLR 3018 (subd. [b]) (see McKinney’s Cons Laws of NY, Book 23A, General Obligations Law, 1974-1975 Pocket Part, pp 120-121), and by way of gratis dictum, it also should be noted that CPLR 4533-b forbids mentioning this payment to the jury.