Arnold L. Fein, J.
In this action to recover damages for fraud, defendants Manny E. Duell (Duell) and 1045 Fifth *1048 Avenue Corp. (Fifth Ave.) settled with plaintiffs for the sum of $250,000, pursuant to a stipulation of settlement and discontinuance among them entered into just before the case was submitted to the jury. The jury returned a verdict of $1,000,-000 against defendants First National City Bank (Citibank), Lexman Realty Corp., (Lexman) and Julien J. Studley, ínc. (Studley). Citibank separately and Lexman and Studley jointly move for an order (1) setting aside the verdict and any judgment entered thereon and granting judgment in their favor dismissing the complaint as a matter of law, or (2) setting aside the verdict and granting a new trial, or (3) reducing and apportioning the verdict pursuant to CPLR article 14 (CPLR 1401 et seq.) and section 15-108 of the General Obligations Law. The motions are considered and disposed of together.
The applications to set aside the verdict and for judgment notwithstanding the verdict or for a new trial, denied at the end of the trial and again on the argument of these motions, are again denied. The jury’s verdict was amply supported by the evidence and in accordance with the applicable law.
There remain only the issues of reduction and apportionment of the verdict. Plaintiffs’ contention that the verdict should not be reduced by at least the amount of the settlement is without basis in law, disregards the facts and ignores the record. Irrespective of whether section 15-108 of the General Obligations Law and CPLR 1401, 1402 and 1403 are construed to be retrospective, the verdict must be reduced by at least the amount of the settlement. This has been well-settled law, long before the adoption of these statutes and before the causes of action sued on accrued.
"Where A and B are jointly liable in tort to P, it is elementary that a payment by A will reduce pro tanto the damages which P may recover in an action against B.” (McLaughlin, Practice Commentary, McKinney’s Cons Laws of NY, Book 73, CPLR 4533-b, 1975-76 Pocket Part, p 188; Plath v Justus, 28 NY2d 16, 23; Livant v Livant, 18 AD2d 383, mot for lv to app den, 13 NY2d 894.)
Prior to the enactment of CPLR 4533-b, this result was accomplished by advising the jury by proof or instruction as to the amount of the payment or settlement, with an appropriate cautionary instruction as to its effect. (Livant v Livant, supra). Under. CPLR 4533-b, applicable to an action for "injury to property”, which includes an action for fraud (General Con *1049 struction Law, § 25-b), the court is to make the appropriate deduction, after verdict, without disclosing to the jury the fact or the amount of the settlement or payment. This was the procedure followed here by agreement of all parties, including plaintiffs. The jury was merely told that the settling defendants were "no longer in the case” and "not now in the case”, not that they had settled nor the amount of the settlement. All parties agreed that the court would determine the effect of the settlement on any verdict and the apportionment of such verdict.
Completely without support in the record is plaintiffs’ contention that the jury’s verdict determined only the amount of damages attributable to the remaining defendants and not the total damages sustained by plaintiffs. Nowhere in the charge to the jury was there any such instruction. Nor was there a request so to charge. The jury was plainly charged that it could not render a verdict against any of the remaining defendants unless it found that Duell had committed a fraud on plaintiffs and that the other defendants had acted together with him. Thus, the jury’s verdict necessarily constituted a finding of Duell’s culpability, although the jury was charged he was "no longer in the case” as a defendant against whom a verdict could be rendered. Such finding, essential to any judgment for plaintiffs, was fully warranted. As to measure of damages, the jury was charged that the measure was the "difference between what the plaintiffs received for the property and what its value was at the time”. This was obviously a charge as to plaintiffs’ total damages, not the remaining defendants’ proportionate liability therefor. The charge was not excepted to in this respect. Nor could the court have charged the jury to apportion liability in the light of the agreement of all parties that apportionment was for the court to determine.
Accordingly it is now only necessary to decide whether the verdict is to be reduced by the amount of the settlement or the amount of the settling defendants’ "equitable share of the damages” (General Obligations Law, § 15-108; CPLR 1401, 1402, 1403) and to apportion the verdict. Decision must turn in part on whether these statutes are retrospective in effect. Although there are authorities seemingly to the contrary, it is concluded that these enactments are remedial and therefore retrospective (McKinney’s Cons Laws of NY, Book 1, Statutes, § 54; Short v Thygiesen, 82 Misc 2d 786), at least with respect *1050 to this case where the settlement was entered into during the trial, long after September 1, 1974, the effective date of these statutes as amended. All of the cases relied on by plaintiffs involved settlements entered into prior to that date.
It is not without significance that Dole v Dow Chem. Co. (30 NY2d 143), announcing the rules for apportionment and contribution, has been held applicable to pending cases (Kelly v Long Is. Light. Co., 31 NY2d 25; Frey v Bethlehem Steel Corp., 30 NY2d 764), although not to settlements and releases effected prior to the decision in Dole. (Codling v Paglia, 32 NY2d 330, 344; see 19th Annual Report of Judicial Conference, 1974, Contribution, Prof, M.E. Occhialino, pp 217, 247 et seq.) Although there is a manifest, albeit tenuous, difference between the retrospective application of judicial decisions and legislative enactments, it cannot be gainsaid that these statutes were adopted to codify and implement Dole and to ameliorate some of its consequences at least with respect to the rights and obligations of the parties where one or more multiple defendants has settled. (Short v Thygiesen, supra).
The settlement here was made long after the effective date of these statutes, although the causes of action arose prior thereto. It must be held that the settlement was made in contemplation of the law as it was on the date of the settlement. (Codling v Paglia, supra; Board of Educ. of Cent. School Dist No. 1 v Homer, 80 Misc 2d 339, 341). This is the critical date. To the extent that Collalto v Collalto (82 Misc 2d 597) relied on by plaintiffs, is to the contrary, it is not followed, although it is noted that the settlement in that case was made prior to the effective date of the pertinent statutes. (See Short v Thygiesen, 82 Misc 2d 786, supra).
Fully cognizant of the state of the law at the time of the settlement and apparently unwilling to hazard the risk of a jury verdict with respect to the causes of action against the settling defendants, plaintiffs made a fair and reasonable settlement with said defendants. No reason appears why plaintiffs should now be heard to complain that they have somehow lost rights if the statutes in force on the date of the settlement are held applicable to them. (See Oliver v Washburn, 46 AD2d 977; Williams v Pitts, 40 AD2d 1057; Sage v Hale, 80 Misc 2d 812; Board of Educ. of Cent. School Dist. No. 1 v Homer, 80 Misc 2d 339, supra). "This is a risk the plaintiff takes when he elects to seize the bird in the hand by settling *1051 with one of the tortfeasors.” (McLaughlin, Practice Commentary, McKinney’s Cons Laws of NY, Book 23A, General Obligations Law, § 15-108, Pocket Part 1975-1976, p 129).
Equally untenable is plaintiffs’ contention that Section 15-108 of the General Obligations Law and CPLR 1401, 1402 and 1403 are inapplicable to actions for fraud. Section 15-108 of the General Obligations Law is applicable to releases or covenants not to sue "one of two or more persons liable or claimed to be liable in tort for the same injury”. An actionable fraud is a tort. CPLR 1401, 1402 and 1403 are applicable to actions for "injury to property”. An actionable fraud is an injury to property. (General Construction Law, § 25-b). By their terms, all of these sections are to be read together. Accordingly they are held applicable in this action for fraud in which the jury found that all of the defendants had acted together to defraud plaintiffs.
As previously noted, the court concurs in the jury’s verdict. The court finds that all of the defendants were equally culpable, albeit Duell and Fifth Ave. initiated the fraud. It is clear that defendants were in reality three entities, (1) Duell and Fifth Ave.; (2) Citibank and its dummy or nominee Lexman; and (3) Studley.
On this basis the verdict of $1,000,000 against the defendants Citibank, Lexman and Studley is to be reduced by $333,333.33 representing the "equitable share of the damages” chargeable against Duell and Fifth Ave., the settling defendants. (General Obligations Law, § 15-108). The equitable share of the reduced judgment, amounting to $666,666.66, is to be apportioned among the remaining defendants as follows: Citibank and its dummy Lexman, as an entity, $333,333.33 and Studley, $333,333.33. (CPLR 1401, 1402, 1403).
This decision does not preclude plaintiffs from enforcing the reduced judgment in the sum of $666,666.66 against any or all of the nonsettling defendants. (Dole v Dow Chem. Co., 30 NY2d 143, supra; Kelly v Long Is. Light. Co., 31 NY2d 25, supra). Nor does it authorize any of the defendants cast in judgment to contribution from the settling defendants or vice versa. (General Obligations Law, § 15-108).
Accordingly the motions of defendants Citibank, Lexman and Studley are granted only to the following extent:
(1) The verdict is reduced to $666,666.66 as against all of the remaining defendants, Citibank, Lexman and Studley;
*1052 (2) The equitable share of Citibank and Lexman jointly is fixed at $333,333.33;
(3) The equitable share of Studley is fixed at $333,333.33.
The motions of said defendants are otherwise denied.
The cross claims of defendants Citibank, Lexman and Studley against Duell and Fifth Ave. are dismissed. All other motions as to which decision was reserved and not herein disposed of are now denied.