Brian J. WILSON, Plaintiff,

v.

The LONG ISLAND RAIL ROAD, Defendant.

The LONG ISLAND RAIL ROAD COMPANY, Third-Party Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORP., a/k/a Amtrak, Third-Party Defendant.

No. 82 Civ. 4173.

United States District Court, S.D. New York.

Nov. 12, 1982.

Peter M.J. Reilly, Islip, N.Y., for plaintiff.

Thomas M. Taranto, Jamaica, N.Y., for defendant and third-party plaintiff; Raymond B. Ritchel, Jr., Jamaica, N.Y., of counsel.

Stern, Polin & Prisco, Mineola, N.Y., for third-party defendant; Armand J. Prisco, Mineola, N.Y., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff commenced this action against his employer, Long Island Rail Road ("LIRR"), under the Federal Employers' Liability Act to recover damages for injuries sustained due to the existence of a live electrical wire in the train yard where he worked. The LIRR answered, denying liability to plaintiff. It served a third-party complaint upon National Railroad Corp. ("AMTRAK") alleging that in the event it were held liable to the plaintiff it was because of AMTRAK's negligence in whole or in part in failing to maintain the live electrical wire in a reasonably safe condition and in failing to give warning of its dangerous condition to those working in the area; accordingly, LIRR seeks indemnity or contribution from AMTRAK to the extent that it is held liable to plaintiff.

AMTRAK moves to dismiss the third-party complaint. It asserts that the LIRR's claim is governed by New York law under which impleader is proper only where the plaintiff has a direct claim (or could have a direct claim) against the third-party defendant. AMTRAK further argues that because an employer-employee relationship does not exist between plaintiff and it, the plaintiff could not bring a direct FELA action against AMTRAK.

Although the law of New York governs the substance of a LIRR claim against AMTRAK, the federal procedural rules and not New York's CPLR are applicable.[1] Under those rules it is clear that impleader is proper.[2] LIRR's third-party claim against AMTRAK is based upon an independent and separate cause of action for indemnification or contribution for any damages it may be called upon to pay to the plaintiff. In a parallel case our Court of Appeals held that district courts have ancillary jurisdiction to decide just such a dispute: Thus the Court stated:

> The great weight of authority amongst the federal district courts is to the effect that when federal jurisdiction over the subject-matter of the main action once attaches the court has ancillary jurisdiction to decide a third-party dispute growing out of the same core of facts and hence within the scope of Rule [14] even though the dispute, separately considered, is lacking in the attributes of federal jurisdiction.[3]

It would be a waste of judicial time and effort, as well as that of the parties involved, to have two separate trials where the basic core issues are the same with respect to the asserted claims. The motion to dismiss the third-party complaint is denied.

So ordered.

---

1. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

2. Fed.R.Civ.P. 14(a).

3. *Dery v. Wyer*, 265 F.2d 804, 807 (2d Cir. 1959). *See also Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 810–11 (2d Cir. 1979); *Ross v. Penn Central Transp. Co.*, 433 F.Supp. 306 (W.D.N.Y.1977). *Cf. Moor v. County of Alameda*, 411 U.S. 693, 714–15, 93 S.Ct. 1785, 1798, 36 L.Ed.2d 596 (1973); *Moore v. New York Cotton Exchange*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926); *Wanser v. LIRR*, 238 F.2d 467 (2d Cir.1956), *cert. denied*, 353 U.S. 911, 77 S.Ct. 668, 1 L.Ed.2d 665 (1957).