■ KEVIN HANLEY, Individually and Doing Business as ATHLETIC ATTIC, Plaintiff, v JAMES L. FOX et al., Defendants and Third-Party Plaintiffs-Appellants. ROBERT J. CONGEL et al., Third-Party Defendants-Respondents. — Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered July 26, 1982 in Schenectady County, which granted a motion by third-party defendants to dismiss the amended third-party complaint. The issue raised on this appeal is whether a cause of action is stated by a third-party complaint seeking recovery from a commercial landlord for any damages that a tenant may have to pay its cotenant arising out of temporary restraining orders obtained by the tenant in a prior action against the landlord and the cotenant, based upon an alleged breach of a clause in the tenant's lease prohibiting the landlord from leasing other space to the tenant's competitors. Special Term found no cause of action and dismissed the third-party complaint. We affirm. When plaintiff opened his store in Pyramid Mall, Glens Falls, where he sold athletic footwear, athletic apparel and related accessories, the third-party plaintiffs, operators of a sporting goods store in the mall, commenced an action against plaintiff and the landlord seeking damages and an injunction upon the theory that plaintiff's lease was made in violation of a provision in the third-party plaintiffs' lease which barred the landlord from leasing space in the mall to any other tenant whose principal line of business is the sale of sporting goods and accessories. The third-party plaintiffs obtained temporary restraining orders, but ultimately these orders were vacated and all claims against plaintiff were dismissed (see *Fox v Congel,* 75 AD2d 681). Plaintiff thereafter commenced the instant action against the third-party

plaintiffs seeking to recover damages resulting from the temporary restraining orders and to recover on the undertaking filed with respect to one of those orders. The third-party complaint seeks recovery over against the landlord based upon its alleged breach of the noncompetition clause in the third-party plaintiffs' lease. There is no allegation in the third-party complaint of the existence of any express agreement for indemnification. Indemnity, however, will be implied to allow one who was compelled to pay for the wrong of another to recover from the wrongdoer the damages paid to the injured party (see *D'Ambrosio v City of New York,* 55 NY2d 454, 460-461). But where the party seeking indemnification is himself at least partially at fault, indemnity will not be implied (see *Rock v Reed-Prentice,* 39 NY2d 34, 39). Here, the wrong alleged by the plaintiff, i.e., improperly obtaining temporary restraining orders in the prior action, was committed by the third-party plaintiffs, not the third-party defendant. Accordingly, they have no cause of action for indemnification. Impleader, however, is not limited to claims sounding in strict indemnity (*Cohen Agency v Perlman Agency,* 51 NY2d 358, 365). A third-party defendant may be liable, despite the absence of a breach of duty owed to the plaintiff, where he breaches an independent duty owed to the defendant third-party plaintiff; but the injury for which recovery is sought in the main action must have been a foreseeable consequence of the alleged breach of the independent duty owed to the defendant third-party plaintiff by the third-party defendant (*Garrett v Holiday Inns,* 58 NY2d 253). The third-party plaintiffs herein have alleged the breach of an independent duty owed to them by the landlord — the breach of the noncompetition clause in their lease. The injuries for which plaintiff seeks recovery in the main action, however, which allegedly arose out of the third-party plaintiffs' improper attempts to enforce the noncompetition clause in the prior action, are not a reasonably foreseeable consequence of the landlord's breach. The order granting the third-party defendants' motion for summary judgment dismissing the third-party complaint, therefore, should be affirmed. Order affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.