JOHNSON CONTROLS, INC., Plaintiff,

v.

ROWLAND TOMPKINS CORPORA-
TION and Federal Insurance
Company, Defendants.

JOHNSON CONTROLS, INC.,
Third-Party Plaintiff,

v.

POWER AUTHORITY OF the STATE
OF NEW YORK, Third-Party
Defendant.

No. 82 Civ. 122 (MJL).

United States District Court,
S.D. New York.

April 11, 1984.

As Amended May 11, 1984.

Tunstead, Schechter & Torre by Dan M. Rice, New York City, for plaintiff.

Stephen L. Baum by Howard L. Stevens, New York City, for defendant Power Authority of the State of New York.

Berman, Paley, Golstein & Berman by Jack S. Kannry, New York City, for defendants Rowland Tompkins Corporation and Federal Insurance Company.

## MEMORANDUM OPINION AND ORDER

LOWE, District Judge.

### BACKGROUND

On July 13, 1983, this Court rendered a Memorandum Opinion and Order addressing three motions in this case. First, was the motion by the Power Authority of the State of New York (PASNY) to dismiss the third-party complaint brought against it by Johnson Controls, Inc. (JCI), the plaintiff and third-party plaintiff in this action, respecting counterclaims asserted against JCI by the defendant Rowland Tompkins Corporation (RTC). The Court denied PASNY's motion, finding that: 1) as a procedural matter, Rule 14(b) of the Federal Rules of Civil Procedure permits a plaintiff to implead a third party who may be liable to him for indemnity or contribution on defendant's counterclaims; and 2) the plaintiff had stated a claim for indemnity or contribution. PASNY's motion for reargument on this motion is presently pending before the Court and will be considered herein.

The second motion decided in the Court's July Opinion was RTC's motion, made pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, for leave to cross-claim against PASNY for contribution or indemnity. The Court denied RTC's motion on the ground that as a third-party defendant, PASNY was not a "co-party" of the defendants within the meaning of Rule 13(g). RTC subsequently moved to serve a third-party complaint on PASNY pursuant to Rule 14(a), and that motion will also be addressed in the instant Opinion.

The final motion decided by the Court in July was plaintiff's motion for partial summary judgment, which was denied by the Court on the ground that there were genuine issues of material facts which had to be tried.

### FACTS

On November 29, 1978, defendant RTC, the contractor, entered into a contract with

PASNY for construction of certain mechanical and electrical work for the Additional Facilities at Indian Point Unit No. 3, located in Buchanan, New York. Defendant Federal Insurance Company ("FIC"), as surety, issued to PASNY, as obligee, a labor and materials bond conditioned for the payment due to all persons furnishing labor and materials to defendant RTC in the prosecution of construction of the project.

On January 15, 1979, defendant RTC subcontracted to JCI the furnishing and installation of all control work required by the plans and specifications for the project. In the subcontract the subcontractor agreed to be bound by all applicable provisions of the prime contract between RTC and PASNY. The prime contract provided that, "Nothing contained in this contract shall create any contractual relation between any subcontractor and the Authority."

In its complaint JCI alleges that it performed and completed all of the work it was required to do under the subcontract and labor and materials bond, and was then due to receive the adjusted contract price of $766,158.00. JCI received $715,157.00 of that sum, which left a balance of $51,001.00. JCI alleges that defendant RTC has refused to pay it the money allegedly due and owing. JCI further alleges that defendant RTC breached the contract because it:

(1) prevented JCI from performing its work on time;

(2) hampered, interfered with, retarded, and impeded JCI's performance in completion of the work; and

(3) failed to properly coordinate the work of the various subcontractors.

JCI submits that because of RTC's actions, JCI was prevented from performing its work in the normal and economical manner contemplated and otherwise possible, and that it was forced to proceed by haphazard and nonsequential procedures which increased its cost of operations and extended the time of performance. JCI requests $208,849.48 to cover the increased costs, expenses, and damages for labor, materials, equipment, field overhead, and office overhead.

On February 16, 1982, RTC filed an Answer denying any balance due and asserted counterclaims against JCI for $1,034,089.51 in damages allegedly suffered as a result of the "reckless and wrongful" filing of a mechanic's lien by plaintiff. RTC alleges that JCI caused a mechanic's lien in the amount of $241,971.51 to be filed against all moneys due, or to become due from PASNY to RTC under the primary contract. Therefore, PASNY was prevented from paying monies due RTC, and as a result defendant RTC was allegedly forced to incur expenses to obtain a bond and an Order discharging said lien and suffered damages in the amount of $34,089.51. RTC also seeks a million dollars in damages for humiliation and injury to its reputation which resulted from the filing of the lien.

JCI then commenced a third-party action against PASNY alleging that if RTC succeeds in its counterclaims regarding the lien, such "will have been caused by reason of the ... Power Authority's ... failure to pay monies" to RTC, under its contract with PASNY. JCI therefore seeks indemnification or contribution from PASNY. As previously noted, PASNY currently seeks reargument on its motion to dismiss JCI's third-party claims. In addition, RTC seeks leave to serve a third-party complaint on PASNY seeking contribution or indemnity.

For the reasons set forth below, the Court concludes that RTC should be granted leave to bring a third-party claim for contribution, but not indemnity, against PASNY, and that JCI's third-party claims against PASNY should be dismissed.

*RTC's Motion to Serve a Third-Party Complaint on PASNY*

As mentioned above, JCI, in the main action, seeks to recover final payment allegedly due under its subcontract with RTC and increased and additional costs allegedly arising out of delays and hindrances in the

performance of the subcontract work. RTC takes the position that to the extent it is found liable to plaintiff on either of plaintiff's claims, PASNY will be liable to it (RTC) for all or part of the recovery. The claims asserted by RTC against PASNY in the proposed third-party complaint are precisely the same claims as those asserted by JCI against RTC in the main action. RTC emphasizes that since the main claims and the proposed third-party claims arise out of the same construction project and the related transactions and occurrences among the parties, the third-party action will introduce no unrelated issues nor unduly complicate the original suit.

PASNY opposes RTC's motion to serve a third-party complaint on the ground that under the applicable substantive law (the law of New York), PASNY cannot be liable to RTC for either contribution or indemnity. On the issue of contribution, PASNY argues that because PASNY indisputedly owes no duty to the plaintiff JCI, no claims for contribution may be validly asserted against PASNY by RTC. With respect to indemnity, PASNY contends that such a claim is improper since JCI's claim against RTC alleges that RTC's liability arises out of its own wrongdoing, i.e., RTC's breach of the JCI/RTC subcontract. A claim for indemnity, argues PASNY, arises only where the indemnitor is wholly responsible for the plaintiff's injury and the indemnitee is secondarily liable as a result of his relationship to the active wrongdoer.

PASNY further argues that even assuming that RTC has stated a claim for indemnity or contribution, RTC's motion to assert third-party claims against PASNY should be denied as a matter of the Court's discretion. PASNY contends that the granting of RTC's motion will not promote judicial efficiency or avoid a multiplicity of actions, since the major balance of RTC's claims against PASNY (that which goes beyond the amount of JCI's claim against RTC) will have to be litigated in a separate action. In fact, PASNY points out that RTC recently commenced an action against it in state court.

Finally, PASNY contends that RTC's motion should be denied, pursuant to Civil Rule 3(k) of the Rules of the United States District Court for the Southern District of New York, since the motion was not made within six months of the date of service of RTC's February 18, 1982 answer. According to PASNY, RTC has shown no special circumstances which would justify granting PASNY's motion after the expiration of the six-month time period.

■ As set forth below, the Court finds that RTC's motion should be granted because RTC does state a valid claim for contribution against PASNY, because the granting of this motion will clearly promote judicial efficiency and because special circumstances exist which justify the departure from the sixty-day rule established in Local Rule 3(k).

■ Rule 14(a) of the Federal Rules of Civil Procedure provides in pertinent part:
At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

It is well established that this rule creates no substantive rights, but "serves merely as a procedural device to expedite the presentation of a claim having a substantive basis in law." *Index Fund, Inc. v. Hagopian*, 417 F.Supp. 738, 744 (S.D.N.Y.1976). It is undisputed that New York law is the applicable law in this diversity case. Therefore, we must determine whether, under New York law, the proposed third-party complaint states a claim for contribution or indemnity against PASNY.

■ Although the right to contribution generally arises where two or more wrongdoers "share in responsibility for an injury, in violation of duties they respectively owed to the injured person" [citation omitted] *Garrett v. Holiday Inns, Inc.*, 58 N.Y.2d 253, 460 N.Y.S.2d 774, 776, 447 N.E.2d 717 (Ct.App.1983), recent New York cases have made clear that an obligation of

proportionate liability can exist on the part of one who owes no duty to the plaintiff. *Id.* at 777–778, 447 N.E.2d 717; *Hanley v. Fox,* 97 App.Div.2d 606, 468 N.Y.S.2d 193, 194–195 (A.D. 3 Dept.1983). *See also Welch v. Grant Development Co. Inc., et al.,* 120 Misc.2d 493, 466 N.Y.S.2d 112, 116–117 (Sup.1983). As the Court of Appeals in *Garrett* stated:

> If an independent obligation can be found on the part of a concurrent wrong-doer to prevent foreseeable harm, he should be held responsible for the portion of the damage attributable to his negligence, despite the fact that the duty violated was not one owing directly to the injured person.

*Garrett v. Holiday Inns, Inc., supra,* 460 N.Y.S.2d at 778, 447 N.E.2d 717. Put differently:

> A third-party defendant may be liable, despite the absence of a breach of duty owed to the plaintiff, where he breaches an independent duty owed to the defendant-third-party plaintiff by the third-party defendant; but the injury for which recovery is sought in the main action must have been a foreseeable consequence of the alleged breach of the independent duty owed to the defendant-third-party plaintiff by the third-party defendant.

*Hanley v. Fox, supra,* 468 N.Y.S.2d at 195.

In the present case, the duty which PASNY is alleged to have breached is its contractual duty to RTC; it is undisputed that PASNY owed no such duty to the plaintiff, JCI. However, the injuries for which plaintiff seeks recovery in the main action, arising out of RTC's alleged breach of the subcontract, are a reasonably foreseeable consequence of PASNY's alleged breach. Therefore, the Court finds that the third-party complaint states a valid claim for contribution.

▪ The third-party complaint, however, does not state a basis for implied indemnification by PASNY. A claim for indemnity, unlike a claim for contribution, seeks to shift 100% of the judgment rendered against one party to another party on the ground that the other party is actually or "primarily" responsible for the wrong. Thus indemnity can only be awarded if the party seeking it is liable to the plaintiff on the basis of a non-delegable legal obligation, i.e., vicarious or imputed liability, and not because of any fault of its own. *See Garrett v. Holiday Inns, Inc., supra,* 460 N.Y.S.2d at 779, 447 N.E.2d 717; *Tokio Marine & Fire Inc. v. McDonnell Douglas,* 465 F.Supp. 790, 794 (S.D.N.Y.1978), *aff'd,* 617 F.2d 936 (2d Cir.1980).

In the present case, plaintiff's claim against RTC is for breach of the JCI/RTC subcontract. Thus if RTC is held liable to plaintiff, it will not be solely by reason of PASNY's wrongdoing or on the basis of vicarious or imputed liability. Accordingly, RTC's proposed claim for indemnity will not be permitted.

PASNY argues that the Court should deny RTC's motion even if it finds that the proposed third-party complaint states a claim. According to PASNY, permitting RTC to bring its third-party claim in this action will not avoid a multiplicity of suits or conserve judicial resources because RTC will still be required to litigate separately its direct claims against PASNY (which exceed the amounts sought by JCI against RTC). The Court cannot agree with the underlying premise of this argument. In *George Cohen Agency v. Donald S. Perlman Agency,* 51 N.Y.2d 358, 434 N.Y.S.2d 189, 414 N.E.2d 689 (Ct.App.1980), the Court of Appeals clearly held that a third-party complaint may seek damages in excess of those sought on the main claim. The Court recognized that "although third-party practice has its origins in strict indemnity, it has grown beyond its early limitations, and should now be seen primarily as a tool for economical resolution of interrelated lawsuits." *Id.* at 193, 414 N.E.2d 689. It found that the "salutary purpose" of third-party practice, i.e., "the avoidance of multiplicity and circuity of action, and the determination of the primary liability as well as the ultimate liability in one proceeding, whenever convenient,

[citations omitted] ... can best be achieved by allowing a third-party plaintiff to plead and prove his entitlement to excess recovery over and beyond his liability to plaintiff, subject to the trial court's discretionary power to sever any claim which, in the circumstances of a particular case, appears unduly burdensome. (CPLR 1010)." *Id.*

In light of the *Perlman* decision, we find that it is in the interest of judicial economy, and thus consistent with the purpose of Rule 14(a), to allow the closely related claims of JCI and RTC, including RTC's claim for excess damages, to be tried in one forum.[1] Therefore, RTC will be granted leave to file a third-party complaint seeking contribution and excess damages allegedly suffered by reason of PASNY's breach of the RTC/PASNY contract.

■ Although Civil Rule 3(k) of the Rules of the United States District Court for the Southern District of New York provides that a motion for leave to bring in a third-party defendant shall be made within six months of the date of service of the moving party's answer, the Court may grant such a motion after the expiration of the six-month period "in exceptional cases upon showing of special circumstances and of the necessity for such relief in the interest of justice." Local Rule 3(k). Clearly there are exceptional circumstances in this case which justify the granting of RTC's motion. A timely motion was made by RTC to claim over against PASNY for contribution, but as previously noted, it was made pursuant to Rule 13(g) which the Court found to be applicable only to cross-claims against co-defendants and not to third-party claims. Subsequently, PASNY moved for reargument of its motion for dismissal of JCI's impleader claim against it, which the Court had previously denied.

Prior to oral argument on PASNY's motion for reargument, RTC's new counsel made the instant motion to serve a third-party complaint on PASNY pursuant to Rule 14(a). Although RTC might have made its 14(a) motion a few months earlier, we do not believe that the delay was willful or in any way prejudicial to PASNY. PASNY has been a party to this action since February, 1982 when it was impleaded by JCI.[2] Furthermore, PASNY had notice of RTC's claims against it since August, 1982 when RTC attempted to bring these claims pursuant to Rule 13(g). Plaintiff JCI, the only party who might reasonably complain of the delay in this action, does not oppose RTC's motion. Accordingly, we find that local Rule 3(k) does not preclude RTC from bringing its third-party claims.

### JCI's Motion for Reargument

There remains the issue of JCI's claims for indemnity or contribution against PASNY in connection with RTC's counterclaims. Since the Court's earlier decision did not address PASNY's substantive arguments for dismissal, reargument will be granted. Furthermore, upon reconsideration, the Court concludes that JCI's third-party claims against PASNY should be dismissed.

■ JCI seeks indemnity or contribution from PASNY on the grounds that if JCI should be found liable to RTC for the reckless filing of a mechanic's lien (RTC's counterclaim), then liability should be transferred to the party responsible for the events leading to the filing, i.e., PASNY. PASNY argues that under the applicable New York law, JCI states no claim for indemnity or contribution because PASNY concededly owes no contractual duty to

---

1. Although the *Perlman* decision was based on the Court's interpretation of CPLR § 1007–1010, rather than Federal Rule 14(a), we note that both rules allow impleader of a person not a party to the action "who is or may be liable to him for all or part of the plaintiff's claim against him." Given the common language of the two rules, as well as the common purpose, we conceive of no reason to construe Rule 14(a) more narrowly than the CPLR.

2. Since PASNY was already a party to this action at the time RTC's Rule 14 motion was filed, it is questionable whether Local Rule 3(k), which refers to a motion for leave to *bring in* a third-party defendant, even applies. However, we need not resolve this issue since we find that in any event, there are circumstances justifying departure from the rule.

JCI. The Court finds that PASNY's argument is erroneous, since no privity of contract between the third-party plaintiff and third-party defendant is required to state a valid claim for contribution. *Crow-Crimmins-Wolff & Munier v. County of Westchester,* 90 App.Div.2d 785, 455 N.Y.S.2d 390, 391 (App.Div., 2d Dept.1982). However, absent such a relationship, the facts, as alleged by JCI, must demonstrate that PASNY breached a duty owed to RTC, and thereby contributed to the injury alleged in RTC's counterclaim. Although PASNY and JCI need not be liable to RTC on the same legal theory, they must be liable for the same injury. *Id.; Helmrich v. Eli Lilly Co.,* 89 App.Div.2d 441, 455 N.Y.S.2d 460, 462 (App.Div., 4th Dept. 1982). Thus, we must determine whether, under the facts alleged, PASNY could be found to have contributed to RTC's alleged injuries resulting from JCI's filing of the mechanic's lien. We find that it could not.

Aside from jurisdictional facts, the only fact pleaded in support of JCI's claim is PASNY's failure to pay monies allegedly owed RTC under the PASNY/RTC contract. Apparently, it is JCI's position that but for PASNY's failure to pay RTC, RTC would not have failed to pay JCI, and JCI in turn would not have filed a mechanic's lien. The Court finds that this causal link is simply too attenuated to hold PASNY liable for any injury which RTC may have suffered due to the filing of the lien. The reckless filing of the lien was not a reasonably foreseeable consequence of PASNY's breach of the RTC/PASNY contract. Therefore, JCI's claim for contribution against PASNY must be dismissed. JCI's claim for indemnity against PASNY must likewise be dismissed for the reasons discussed earlier in this Opinion.

## CONCLUSION

In conclusion, the Court grants RTC leave to file a third-party complaint against PASNY, seeking contribution and excess damages allegedly suffered by reason of PASNY's breach of the RTC/PASNY contract. JCI's third-party claims against PASNY for contribution or indemnity are hereby dismissed for failure to state a claim.

It is So Ordered.