**MASSACHUSETTS MUTUAL LIFE INSURANCE CO., Plaintiff,**

v.

**Morris J. WEINBACH, Defendant,**

v.

**Richard STITZEL, Third-Party Defendant.**

**No. 85 Civ. 4439 (EW).**

United States District Court, S.D. New York.

June 14, 1986.

Lane & Mittendorf, New York City, for plaintiff.

Friedlander, Gaines, Cohen, Rosenthal & Rosenberg, New York City, for defendant and third-party plaintiff; Joseph S. Rosenthal, Jeffrey P. Englander, Marcie S. Mintz, of counsel.

D'Amato & Lynch, New York City, for third-party defendant; Elizabeth P. Shay, of counsel.

EDWARD WEINFELD, District Judge.

Plaintiff Massachusetts Mutual Life Insurance ("MMLI"), a Massachusetts corporation, sues Morris J. Weinbach, a New York resident and licensed insurance broker doing business under a brokerage contract with MMLI, for making false statements regarding the eligibility of prospective members of a group insurance plan and of receiving and converting to his own use excess commissions under that plan. In particular, MMLI alleges that Weinbach

falsely stated that the individuals to be insured were *employees* rather than *members* of the association seeking group insurance. MMLI further alleges that this conduct was in breach of Weinbach's brokerage contract and provisions of the N.Y. Insurance Law and the N.Y. Penal Law prohibiting insurance fraud; it seeks compensatory and punitive damages.

Weinbach's answer asserts several affirmative defenses, including one which alleges that any damage suffered by plaintiff is "attributable, in whole or in part, to the culpable conduct of plaintiff." [1] Weinbach has also filed a third-party complaint against Richard Stitzel, an employee of MMLI, who was at all relevant times a "Senior Group Consultant," and who allegedly exercised managerial authority over insurance accounts brought to MMLI by Weinbach. The third-party complaint alleges that Weinbach informed Stitzel, prior to the issuance of the policy, that the individuals to be insured were *members* rather than *employees* of the group insurance applicant, Poale Agudath Israel ("PAI"), and that "[i]f, in fact, any misrepresentation was made to plaintiff's underwriting department ... said misrepresentations were made by ... Stitzel, and not by ... Weinbach." [2] Stitzel moves to dismiss the third-party complaint under Fed.R.Civ.P. 12(b)(6) or alternatively for summary judgment.

The complaint filed by MMLI alleges that in October 1979 Weinbach entered into a written brokerage agreement with general agents of MMLI, and that subsequent thereto Weinbach knowingly misrepresented to MMLI the employment status of individuals submitting group life, accident and health insurance applications to MMLI. At the time the policies were issued, according to the complaint, Weinbach knew that the individuals to be insured were not *employees* of the applicant, but were *members* of a group organized solely for the

purposes of obtaining insurance; a fact which not only would have led MMLI to decline to issue the insurance, if it had been so informed, but also made the issuance of the group insurance policy a violation of New York State insurance law. The complaint alleges that Weinbach's conduct was not only in breach of his brokerage contract but also a violation of New York State insurance law. As previously noted, Weinbach's third-party complaint alleges that Weinbach advised Stitzel of the facts which MMLI alleges in its complaint that Weinbach concealed. On this basis, Weinbach in the third-party complaint seeks "contribution or indemnity" from Stitzel.

■ Impleader in the federal courts is governed by Fed.R.Civ.P. 14, which provides in pertinent part that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Both the third-party plaintiff and the third-party defendant incorrectly assert in their motion papers that it is the impleader provision of New York's Civil Practice Law and Rules, CPLR § 1007, which is applicable to this motion. In this diversity action "[a]lthough the law of New York governs [the] claim ... the federal procedural rules and not New York's CPLR are applicable." [3] The issue on this motion to dismiss is therefore whether Weinbach's third-party complaint states a claim under New York law, in either indemnity or contribution, which may be asserted in a third-party action pursuant to Rule 14.

■ Indemnity ordinarily arises from an express agreement by which one party to the contract agrees to hold the other party harmless from claims brought against it by one or more third parties. Acknowledging

---

1. Answer ¶ 13.

2. Third-Party Complaint ¶¶ 6–7.

3. *Wilson v. Long Island Railroad,* 96 F.R.D. 56, 57 (S.D.N.Y.1982); *see Hanna v. Plumer,* 380

U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Brown v. Cranston,* 132 F.2d 631, 633–34 (2d Cir.1942), *cert. denied,* 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698 (1943).

the absence of any indemnity agreement between Stitzel and Weinbach, Weinbach cites the case of *Hanley v. Fox*,[4] for the proposition that indemnity may be implied. The Appellate Division held in *Hanley* that:

> Indemnity ... will be implied to allow one who was compelled to pay for the wrong of another to recover from the wrongdoer the damages paid to the injured party. But where the party seeking indemnification is himself at least partially at fault, indemnity will not be implied.[5]

MMLI's claim against Weinbach, as to which Weinbach seeks indemnity from Stitzel, sounds in fraud, and any recovery had by MMLI against Weinbach on this claim is necessarily predicated on proof of Weinbach's intentional conduct. Under such circumstances, indemnity cannot be implied under New York law; accordingly, Weinbach has not stated a claim for indemnification.

Weinbach further contends that Stitzel is or may be liable to him on a claim for contribution. New York's contribution statute provides in pertinent part that:

> two or more persons who are subject to liability for the same ... injury to property ... may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.[6]

Weinbach's third-party complaint alleges that he advised Stitzel of the status of the proposed insured individuals as members, rather than employees, of PAI, and further alleges that if any misrepresentations were made to MMLI's underwriting department, they were made by Stitzel. These allegations, although not stated in explicit terms, charge in essence that Weinbach and Stitzel acted in concert, and that if any misrepresentations were made by Stitzel they were made on the basis of knowledge conveyed to Stitzel by Weinbach.[7] Thus, the sole remaining question is whether, under CPLR § 1401, contribution may be sought by one participant in a fraudulent scheme from another such participant.

The words of the contribution statute, which are necessarily the starting point for the inquiry, suggest that contribution is available in a claim for fraud. The statute states that contribution may be sought from persons responsible for the same "injury to property." Under New York law, "injury to property" is generally defined as "an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract."[8] The New York Court of Appeals has made clear that contribution under § 1401 is available "among joint or concurrent tort-feasors regardless of the degree or nature of the concurring fault."[9] As a unanimous panel of the Appellate Division has said:

> What becomes apparent from a reading of the cases is that any tortious act (other than personal injury) resulting in damage ... constitutes an "injury to property" within the contemplation of CPLR § 1401.[10]

This expansive definition of injuries to property for which contribution can be

---

4. 97 A.D.2d 606, 468 N.Y.S.2d 193 (3d Dept. 1983).

5. 468 N.Y.S.2d at 194 (citations omitted); *see Rock v. Reed-Prentice Div. of Package Mach. Co.*, 39 N.Y.2d 34, 39, 382 N.Y.S.2d 720, 722, 346 N.E.2d 520, 522 (1976).

6. N.Y.C.P.L.R. § 1401.

7. The truth of these allegations is, of course, necessarily assumed for the purposes of the present motion to dismiss. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Rapf v. Suffolk County*, 755 F.2d 282, 290 (2d Cir.1985).

8. N.Y. General Construction Law § 25–b.

9. *Kelly v. Long Island Lighting Co.*, 31 N.Y.2d 25, 28, 29, 334 N.Y.S.2d 851, 854, 286 N.E.2d 241, 244 (1972); *see Dole v. Dow Chem. Co.*, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972) (stating rule of apportionment of damages codified in CPLR § 1401).

10. *Lippes v. Atlantic Bank of New York*, 69 A.D.2d 127, 419 N.Y.S.2d 505, 513 (1st Dept. 1979).

sought includes actions sounding in fraud.[11]

[image] Accordingly, Stitzel "is or may be liable" to Weinbach for part or all of any recovery by MMLI on its fraud claim, and impleader is proper pursuant to Fed.R. Civ.P. 14. The motion by the third-party plaintiff to dismiss the third-party complaint is denied.

So ordered.

---

**11.** *Primoff v. Duell,* 85 Misc.2d 1047, 381 N.Y. S.2d 947, 950 (N.Y.Co.1976).