ARDEN WAY ASSOCIATES, et al., Plaintiffs,

v.

Ivan F. BOESKY; Ivan F. Boesky & Company, L.P.; Boesky & Kinder Partners, L.P.; IFB Managing Partnership, L.P.; the Ivan F. Boesky Corporation; Drexel Burnham Lambert, Incorporated; Dennis Levine; Martin A. Siegel; Fried, Frank, Harris, Shriver & Jacobson, Stephen Fraidin, P.C.; Stephen Fraidin; Seligmann, Harris & Co., Inc., and Oppenheim Appel, Dixon & Co., Defendants.

GUINNESS ENTERPRISES, INC. (formerly Guinness America, Inc.), Plaintiff,

v.

Ivan F. BOESKY; Ivan F. Boesky & Company, L.P.; Boesky & Kinder Partners, L.P.; IFB Managing Partnership, L.P.; the Ivan F. Boesky Corporation; Drexel Burnham Lambert, Incorporated; Dennis Levine; Martin A. Siegel; and Oppenheim, Appeal, Dixon & Co., Defendants.

Nos. 87 Civ. 1865 (MP), 87 Civ. 1898 (MP).

United States District Court, S.D. New York.

July 29, 1987.

864

See also 664 F.Supp. 858.

Parker Chapin Flattau & Klimpl, New York City by Marvin G. Pickholz, Mark I. Schlessinger, for defendant Oppenheim, Appel, Dixon & Co.

Davis Polk & Wardwell, New York City by Henry L. King, Robert F. Wise, Jr., Daniel L. Brockett, Richard Goldstein, for defendants Fried, Frank, Harris, Shriver & Jacobson, Stephen Fraidin, P.C., and Stephen Fraidin.

Cahill Gordon & Reindel, New York City by Mathias E. Mone, George Wailand, Diedre A. Burgman, Joel M. Leifer, for defendant Drexel Burnham Lambert, Inc.

Goodman, Phillips & Vineberg, New York City by Steven H. Levin, Cole & Corett, Washington, D.C. by Theodore Sonde, Robert S. Lavet, for defendant IFB Managing Partnership, L.P.

Proskauer Rose Goetz & Mendelsohn, New York City by David I. Goldblatt, Robert J. Kochental, Bennett L. Speigel, Catherine M. McGrath, for The Ivan F. Boesky Corp.

Squadron, Ellenoff, Plesent & Lehrer, New York City by Mark L. Goldstein, Mark Bennett, Choate, Hall & Stewart, Boston, Mass. by Robert M. Gargill, Mitchell H. Kaplan, for defendant Ivan F. Boesky & Company, L.P.

## ORDER

MILTON POLLACK, Senior District Judge.

Defendants Oppenheim, Appel, Dixon & Co. ("Oppenheim"), The Ivan F. Boesky Corporation (the "Boesky Corporation"), IFB Managing Partnership, L.P. ("IFB"), and defendants Fried Frank, Harris, Shriver & Jacobson, Stephen Fraidin, P.C., and Stephen Fraidin (the "Fried Frank defendants") have moved to dismiss the cross-claims brought in these actions by co-defendant Ivan F. Boesky & Company, L.P. ("the Partnership").

The Partnership is a Delaware limited partnership whose sole general partner is currently David R. Herwitz, Esq., professor of law at Harvard Law School, who was designated the liquidating trustee, according to the terms of the Amended and Restated Agreement of Limited Partnership of Ivan F. Boesky & Co., L.P.

The Partnership's cross-claims in *Arden Way* and *Guinness* rest entirely on the sufficiency of plaintiffs' Amended Complaints in these actions, in which the Partnership and movants are named as co-defendants. No additional factual allegations are asserted by the Partnership against any defendant. The cross-claims merely rely on plaintiffs' allegations and seek to hold other defendants liable in the event the Partnership is found liable to plaintiffs.

Movants brought these motions to dismiss the cross-claims in conjunction with their motions to dismiss the *Arden Way* and/or *Guinness* Amended Complaints, upon which the cross-claims are dependent.

Movants' theory is that if plaintiffs' Amended Complaints are dismissed, the dependent cross-claims must necessarily be dismissed as well.

The Amended Complaints in these actions have not been dismissed, defendants' several motions having been denied. *See Arden Way* and *Guinness* Orders of July 28, 1987. Thus, the logical predicate underlying movants' attacks on the cross-claims has not been satisfied. The cross-claims survive along with plaintiffs' claims.

Movant Oppenheim further argues that the Partnership's cross-claims are legally insufficient because as a matter of law indemnity is not available for securities law violations.

■ This characterization of the law is overbroad. As a matter of federal law, the crucial "relevant fact" in determining whether indemnification for violations of the securities laws is available is "whether the defendant acted with actual knowledge of falsity or reckless disregard for the truth." *Odette v. Shearson, Hammill & Co, Inc.*, 394 F.Supp. 946, 954 n. 9 (S.D.N.Y.1975). Under both federal securities laws and New York law whether indemnification is available may depend on various questions of fact such as whether a party is personally at fault, actually contributed to an injury, incurred merely vicarious or imputed liability, or had actual knowledge of alleged material misstatements. *Globus v. Law Research Service, Inc.*, 418 F.2d 1276, 1287–89 (2d Cir.1969), *cert. denied*, 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970); *Jordan v. Madison Leasing Co.*, 596 F.Supp. 707, 709 (S.D.N.Y.1984); *Johnson Controls, Inc. v. Rowland Tompkins Corp.*, 585 F.Supp. 969, 973 (S.D.N.Y.1984); *Odette*, 394 F.Supp. at 954–55.

Oppenheim expressly concedes that on the common law claims against the Partnership, New York law permits indemnification if a party's liability is merely vicarious or imputed.

■ The Partnership alleges that at all times relevant to this action, only its general partner Boesky & Kinder or its *de facto* general partner Mr. Boesky were authorized to act on its behalf, and therefore, if the Partnership is liable for any violations of the securities law, it will be by imputation of law. These allegations must be assumed true for the purposes of these motions. The Partnership's actual or relative culpability are subject to determination by the trier of fact and not appropriate for disposition on these motions.

Accordingly, the motions to dismiss the Partnership's cross-claims are denied.